# ǀ West's Appeal.

When a county is divided, and a new county formed out of one part, and the act erecting the new county makes no provision on the subject of keeping alive the lien of judgments upon lands lying in the new county, the lien of such judgments will either continue without revival, as at common law, previous to the act of 1798, or their lien will be preserved by revivals in the old county, without the service of the process in the new county.

The act of 1st April 1823 applies only where the *testatum* execution *creates the lien*, and not where it is used merely to effect a sale of the lands. Hence the lien of a judgment in the old county, is not effected by the lapse of five years from the entry of the *testatum fieri facias* in the new county.

APPEAL from the decree of the court of common pleas of *Perry* county, (*a*) appropriating the proceeds of the sale of the real estate of William West.

The estate of William West is in Perry county, one hundred and seventy-seven acres ot land, sold upon a judgment of A. Shortess *v.* William West, in the common pleas of Perry county. Sold in 1835 for 3,350 dollars.

The only question in the case is whether the judgment of Thornburg, Miller and Webster *v.* the executors of Edward West, deceased, and the judgment of Robert Miller *v.* the same defendants were liens upon the estate sold, and payable out of the proceeds now in court.

Edward West died in 1813, seised of a tract of nine hundred acres of land in that part of Cumberland county which is now called Perry county, having first made his will by which he directed all his estate, real and personal, to be sold, and after the payment of his debts, to be divided among his wife and children as it would have been divided by the intestate laws if he had made no will. The estate was not sold by the executors.

Thornburg, Miller and Webster, *v.* George West, William West and Andrew M'Dowell, executors of Edward West, deceased.

No. 116 of November term 1818, in Cumberland county, 18th September 1818, judgment for 1099 dollars 77 cents, interest from the 10th of September 1818.

No. 32, January term 1822, same plaintiffs *v.* same defendants, *scire facias post annum et diem.* Returned *nihil.*

No. 81, January term 1823, *alias scire facias.* Returned served on M'Dowell; *nihil* as to the other defendants, April 9th, 1823. Judgment *sec. reg.*

No. 99, November term 1825, *scire facias*, P. A. *et* D. Served on M'Dowell; *nihil* as to the others.

No. 51, January term 1826, *alias scire facias.* Returned served on M'Dowell; *nihil* as to the others, March 9th, 1826. Judgment *sec. reg.*

(*a*) Perry county was erected out of part of Cumberland county in the year 1820.

No. 124, April term 1826, *fieri facias,* returned, debt 1647 dollars 48 cents, interest from March 9th, 1826.    Returned *nulla bona.*

No. 75, August term 1826, *testatum fieri facias* to Perry county. Returned levied on nine hundred acres in Tyrone township. Inquisition held and not condemned, May 25th, 1826, entered in testatum docket in Perry county.

No. 21, April term 1831, *scire facias,* P. A. *et* D. returned *nihil,* as to George & William West, and served on M'Dowell.    Issued February 7th, 1831.

No. 27, August term 1831, *alias scire facias.*    Same return, October 18th, 1831.    Judgment *sec. reg.*

No. 55, November term 1831, *fieri facias,* returned, debt 2201 dollars 85 cents.    Interest from October 18th, 1831.    R. *nulla bona.*

No. 89, April term 1833, *testatum fieri facias* to Perry county. Not delivered to sheriff.

No. 94, August term 1833, also *testatum fieri facias* to Perry county.    Levied on four hundred and twenty-five acres, one hundred and fifty-seven perches of land.    Inquisition and condemnation entered in Perry county, in testatum docket, June 14th, 1833.

November 14th, 1833, rule to show cause why this execution and levy should not be set aside.    May 8th, 1834, on argument, rule made absolute and leave granted to take out *liberari facias,* according to last judgment of revival.

No. 27, August term 1834, *testatum liberari facias.*    Returned not executed, by direction of plaintiff's attorney.    Entered in testatum docket on the 10th of May 1834.

Robert Miller *v.* George S. West, William West, and Andrew M'Dowell, executors of Edward West, deceased.

No. 117, November term 1818, in the Common Pleas of *Cumberland* county.

Judgment 163 dollars 21 cents, interest from the 18th of September 1818.

The proceedings upon this judgment were the same as those already stated.

There were eight children of Edward West, each of whom was entitled to an equal portion of his estate under his will, to wit, Ann intermarried with Rev. David Elliott, William, George, Francis, Armstrong, Mary, Henry and Edward.

The court below (Reed, President) was of opinion that the liens of the judgments existed against the land, and decreed that the proceeds of the sale should be applied to their payment.    The judgment creditors of William West appealed.

*Biddle* and *Watts,* for appellants.
*Alexander* and *Lyon,* contra.

The opinion of the Court was delivered by

Rogers, J.—The judgment of Thornbury *et al.* against the ex-

ecutors of West and of Miller, against the same, were, without doubt, liens upon all the real estate of Edward West in the county of Cumberland, and continued liens until the year 1820, when Perry was stricken off Cumberland, and erected into a separate county. In the act of 1820, there is no provision preserving the lien of judgments, binding lands in Perry county, nor prescribing the mode of collecting them. In this respect, the act is defective, and differs from other acts in similar cases, which usually provide, that for that purpose, process shall issue to the officers of the new counties, to be executed and returned into the court from whence they issue. It is very clear, that the mere erection of the county of Perry, without such legislative provision, would not destroy the lien, for we cannot suppose it to have been the intention of the legislature to interfere with vested rights; and the omission, no doubt, arose from inadvertence in the framers of the act. Indeed I do not understand the counsel to contend that the lien was, *ipso facto*, extinguished. It would be most unjust to give the act such a construction. Has it, then, lost its liens by any thing which has occurred since the counties were separated? If it has, it is not for want of legal diligence on the part of the plaintiffs, for successive writs of *scire facias* have been regularly issued in the county, where the judgments were rendered. These have been served upon one of the executors, who is also the terre-tenant, under the will of Edward West, returned *nihil* as to the other, and on these, judgments have been, in due time, regularly entered. As the act is silent as to the manner of reviving such judgments, it follows, either that the judgments remain liens as at common law previous to the act of the 4th of April 1798, or, that they must be revived in the same manner as is required under that act and its supplements in ordinary cases. And, in either alternative, these judgments continue liens on the lands in Perry county. But, it is said, the judgments lost their liens, because five years had elapsed from the date of the entry of the *testatum fieri facias* on the records of the court of common pleas of Perry county. But, to this objection, the answer is, that the act of the 1st of April 1823, only applies where the *testatum* execution *creates the lien*, and not to those cases where it is used as a mere means of effecting a sale of the land. In the case under review the *testatum* creates no lien. The lien is created by the judgment, which was had in Cumberland, where the lands were, at that time, situated. The *testatum* can have no effect to create or continue the lien of the judgment. The purchaser, in such cases, must look beyond the records of the county where the land is situated, and must search the records of the original county from which it is detached.

Decree affirmed.