[ PHILADELPHIA, MAY 2D, 1840. ]

## BIERY *against* HAINES and Others.

IN ERROR.

Where an instrument in the form of a promissory note for the payment of a certain sum of money to A. or bearer, is signed by three persons, and a seal affixed at the signature of one of them, a joint action cannot be maintained against the three; and if the seal be affixed afterwards, and in the absence of the other two, the instrument is rendered void as to the latter.

ERROR to the Common Pleas of Lehigh County.

Peter Biery brought an action of *debt* in the Court below against Lucas Haines, John Shaffer and Adam Haines. The sheriff returned *nihil habet* as to Lucas Haines.

The plaintiff filed the following *statement*.

" The plaintiff's claim upon which the above suit is brought, is on a promissory note executed by the above named defendants to the plaintiff in the following words, to wit ;

' North Whitehall, December 7th, 1835.

On the first day of April, in the year one thousand eight hundred and thirty-seven, we, or either of us, promise to pay to Peter Biery or bearer, the sum of seven hundred dollars with lawful interest, without defalcation, for value received.

$700 00                                     LUCAS HAINES, [L. S.]
John Shifferstine.                          JOHN SHAFFER,
                                            ADAM HAINES.'

Which said sum of seven hundred dollars with interest from the seventh day of December, in the year of our Lord one thousand eight hundred and thirty-five, the said plaintiff believes is justly due to him."

The defendants pleaded *non-assumpsit* and payment with leave.

The cause came on for trial before BANKS, President, at May Term, 1839; when evidence having been given respecting the exe-

(Biery *v.* Haines.)

cution of the instrument, the learned judge charged the jury as follows.

" The action is a joint one. The writ was not served on Lucas Haines. John Shaffer and Adam Haines pleaded *non-assumpsit.* The words of the writing on which suit is brought, are joint and several. The difficulty arises from the fact, that it is sealed by one, and not by the other two. Can this joint action be sustained? In actions upon contracts against several, the pleadings must show a joint obligation, and that fact must be proved on the trial, or the action must fail. Unless this writing be a joint obligation against the three persons named as defendants in the writ, the defence must prevail. The law has assigned many important distinctions between a sealed instrument and a written promise without seal. It has attached a degree of virtue to the solemnity of the sealing and delivery of a specialty which does not belong to a simple contract. Formerly, specialty debts enjoyed a preference in this state, in the payment of a testator's or intestate's debts. They are not comprehended by the statute of limitations. Being a security of a higher nature, simple contracts are merged in them. In defence, the pleas are different. The denial in the one case of the execution, is by the plea of *non est factum,* in the other by that of *non-assumpsit.* The one is assignable by writing under seal, in the presence of two witnesses. The other, when worded as this is, partakes of the quality of negociability, and passes by mere delivery. In pleading, it is generally necessary to make profert of a specialty, and the defendant is entitled to oyer. This is altogether inapplicable to the proceedings on simple contract. These different rights and variant remedies could not well be tried in the same action, without a total prostration of all rule in civil trials. The distinctions which I have stated as existing between specialties and simple contracts, show that in law the parties to this paper are bound by different obligations. Their rights are different; their liabilities different; and their means of defence are different. The duration of liability is also different. If this all be correct, it cannot be said with any propriety that the obligation is joint. To be joint, it must be the same in degree. If the obligation is not the same, it cannot be joint.

It has been contended that the act of assembly which has been read, will legalise this action. There is no doubt but that debt on bond, or single bill, may be joined in the same action with debt on simple contract or book account. But where more than one are defendants the different debts must all be due jointly by all the defendants. It will not do to bring debt against two, and declare on and give in evidence the separate bond of one, and the individual book debt of the other. The act of assembly makes no such confusion as this would be. It makes some innovation to be sure; but it does not entirely depart from all reason and certainty in pleading.

(Biery *v.* Haines.)

I cannot perceive any aid which the plaintiff can draw from this act. This action being joint, and the obligation declared on and given in evidence not being joint, the plaintiffs cannot recover."

To this charge the plaintiff's counsel excepted; and a writ of error was afterwards taken, and the following error assigned.

" In charging the jury that the plaintiff was not entitled to recover in consequence of the instrument being sealed by Lucas Haines, who was not summoned, and not being sealed by the two defendants who were in Court."

Mr. *Mallery,* for the plaintiff in error, referred to the act of 21st March, 1806, § 5; and cited *Dillman* v. *Schultz,* (5 *Serg. & Rawle,* 35.) *Dixon* v. *Sturgeon,* (6 *Serg. & Rawle,* 26.) *Boyd* v. *Gordon,* (6. *Serg. & Rawle,* 54.)

Mr. *Davis,* for the defendants in error, cited *Taylor* v. *Glaser,* (2 *Serg. & Rawle,* 502.) *Riddle* v. *King,* (2 *Serg. & Rawle,* 537.) 1 *Bac. Abr.* 51. 2 *Salk.* 117. 1 *Chitty's Pl.* 74. *Boas* v. *Nagle,* (3 *Serg. & Rawle,* 250.) *Underwood* v. *Lilly,* (10 *Serg. & Rawle,* 97.) *Latshaw* v. *Steinman,* (11 *Serg. & Rawle,* 357.)

The opinion of the Court was delivered by

KENNEDY, J.—The plaintiff in error was the plaintiff below, and commenced this action in debt by a writ of summons *ad responden-dum* against Lucas Haines, John Shaffer and Adam Haines, which was returned ' served' by the sheriff, to whom it was directed and delivered, upon John Shaffer and Adam Haines, and ' *nihil habet*' as to Lucas Haines. Shaffer and Adam Haines appeared by their attorney, and pleaded *non assumpserunt.* The plaintiff's claim was founded upon what he, in his statement, alleged was a promissory note; and that it was executed by the three defendants named in the writ. He also set out a copy of the note in his statement, in the following words and figures:

" North Whitehall, December 7th, 1835.

On the first day of April in the year one thousand eight hundred and thirty-seven, we, or either of us, promise to pay to Peter Biery, or bearer, the sum of seven hundred dollars, with lawful interest, without defalcation, for value received.

$700　　　　　　　　　　　　LUCAS HAINES, [ L. S. ]
John Shifferstine.　　　　　　JOHN SHAFFER,
　　　　　　　　　　　　　　ADAM HAINES."

The note on its face appeared to have been sealed as well as signed by Lucas Haines, but signed merely by John Shaffer and Adam Haines, without having been sealed by them; and on the trial, such appeared from the evidence to have been the fact. Where-upon the counsel for Shaffer and Adam Haines objected that they

(Biery *v.* Haines.)

could not be sued jointly with Lucas Haines upon such an instrument. That if it were binding at all upon the three, it must be considered as the single and several bill or specialty of Lucas Haines alone. That his seal only being affixed thereto, made it such; and consequently that it could not be considered as either his joint or several promissory note, or note of hand simply, which in contemplation of law and in fact, is executed without a seal, and regarded as a parol contract. 2 *Black. Com.* 467, 8. *Chitty on Bills,* 548, (8th Lond. ed.) That the only cause of action, therefore, shown against Lucas Haines, being a several one against him alone, the plaintiff had failed to prove a joint cause of action against Lucas Haines, John Shaffer and Adam Haines, which he was bound to do, in order to maintain his action. The Court below also being of this opinion, and conceiving the objection to be insurmountable, instructed the jury that the plaintiff could not recover in this action. To this instruction the plaintiff's counsel excepted, and assigns it for error here.

The counsel for the plaintiff here seemed on the argument to concede that, according to the rules of the common law, this action could not be maintained upon the instrument in writing, given in evidence on the trial, against the three defendants named in the original writ. In making the concession, it would not be difficult to show that he gave up nothing which he could have claimed, with even the least hope of success, for his client. But it was contended by him, and indeed pressed with some degree of earnestness, that the act of assembly of 1806, passed among other things, for the purpose of regulating proceedings in courts of justice, authorised the bringing of the action jointly against the three defendants for the cause given in evidence on the trial. That act no doubt authorises the joining of several claims in the same action, when founded upon contracts, either express or implied, for the payment of money where they exist against the same defendant in favour of the same plaintiff; but certainly there is nothing in the act, which would seem to warrant the conclusion, that the legislature intended to change the rules of the common law in the slightest degree as to the joinder of different persons in the same action. And if it be so, that Lucas Haines originally executed the instrument upon which the plaintiff founds his claim by setting his name and affixing his seal to it; and that John Shaffer and Adam Haines, at the same time, set their names merely thereto, declining to affix their seals: then it may be that Lucas Haines would be liable upon it, as his specialty, to the plaintiff in a separate action brought against him; and that John Shaffer and Adam Haines would be liable upon it as their notes of hand to the plaintiff, either jointly or severally in actions brought against them. In the body of the instrument it is true that the three promise jointly as well as severally, to pay, yet I apprehend that although according to the rules of law it cannot take effect as

(Biery *v.* Haines.)

a joint obligation upon the three, still in order that it may avail, and be a security to the plaintiff, according to the main design of the parties for the payment of the money therein mentioned, rather than be considered altogether inoperative it ought to be regarded as the separate obligation of Lucas Haines, and as the joint and several promissory note of John Shaffer and Adam Haines to pay the money. 2 *Bl. Com.* 379. *Co. Litt.* 42, a. b. But if the fact be, as the counsel for the defendants allege, and as the evidence would seem to show, that it was first executed by the three as their note of hand merely, by signing their names thereto, without affixing the seal of any one of them, and that some time afterwards, at a subsequent meeting between Peter Biery, the payee in the note and Lucas Haines, when John Shaffer and Adam Haines were not present, Lucas Haines with the assent and at the instance of the payee, without the knowledge and assent of Shaffer and Adam Haines, affixed his seal to his signature, it was such a material alteration of the instrument as to annul and avoid it altogether as against the two latter. It changes the character of the instrument from a simple note of hand, as to Lucas Haines, to that of a specialty, which in contemplation of law, is held to be of a much higher grade than a promissory note : it ranks next in point of estimation to a judgment, on account of the deliberate manner in which it is supposed to be executed ; and therefore has always been holden to be binding on the party, although executed without an adequate consideration : and consequently renders it unnecessary for the plaintiff in an action upon it to state or prove the cause or consideration for which it was given. See *Sharrington* v. *Strotten,* (*Plowd.* 308.) *Gully* v. *Bishop of Exeter,* (10 *B. & C.* 584, 601.) *Tall* v. *Partlett,* (1 *Moo. & Mal.* 472.) *Fellowes* v. *Taylor,* (7 *Term Rep.* 472.) And though the defendant may avail himself of the illegality of the consideration, yet he can only do so by stating it in his pleading and establishing it by evidence. See *Chitty on Bills,* 10, (9th Amer. ed. from 8th Lond. ed.) *Petree* v. *Hannay,* (3 *Term Rep.* 424.) The plaintiff then and Lucas Haines having, without the consent of Shaffer and Adam Haines, converted the note, as regarded Lucas Haines, into a single bill or specialty, thereby extinguished the note as to Lucas Haines, who after that could not be considered as remaining jointly liable upon it to the plaintiff, with Shaffer and Adam Haines, but discharged from it. This being a material alteration of the note and a virtual release of Lucas Haines from it, as his note, by destroying it in the eye of the law, amounted to a release of Shaffer and Adam Haines. In giving the note, the two latter agreed to become *jointly* and severally liable with Lucas Haines for the payment of the seven hundred dollars to the plaintiff, but in no other form did they agree to be liable : consequently, the joint nature of this liability having been changed by the plaintiff and Lucas Haines without their consent, they must be considered as

discharged from all liability upon the note. In short 'the note by the assent of the plaintiff is most materially different from what it was when executed by Shaffer and Adam Haines: it is therefore no longer their note. Upon this principle it has been held, that if the seal of one of two or more obligors, bound jointly and severally, be torn off, it avoids the obligation as to all. *Seaton* v. *Henson*, (2 *Show.* 28.) See also *Co. Litt.* 232, a, where it is laid down that a release given by the obligee to one of two obligors, bound jointly and severally, discharges both. So if the obligee make one of several obligors, who are bound jointly and severally, his executor, he thereby releases the others from the obligation. *Nedham's Case*, (8 *Co.* 270.) *Wankford* v. *Wankford*, (*Salk.* 300.)

The judgment is therefore affirmed.