## Hutchinson *et al. versus* Ledlie *et al.*

The courts have authority to vacate or modify judgments entered by warrant of attorney, either for cause appearing on the record, or for such as may be established by depositions.

Banning *v.* Taylor, 12 *Harris* 291, commented on.

The setting aside, or modification of a judgment entered by warrant of attorney, may be reviewed on writ of error.

But in strict practice, the writ of error, in such case, does not bring up the evidence; or if it does, it is only that its competency may be inquired into.

ERROR to the District Court of *Allegheny county.*

This was a judgment entered by virtue of a warrant of attorney, on the 28th July 1858, in favour of James A. Hutchinson and Edward Simpson, against Ledlie & Ulam, in trust for the benefit of the defendants' creditors. The bond and warrant of attorney were executed by James E. Ledlie, one of the firm of Ledlie & Ulam, without the knowledge of his copartner.

Execution having been issued on this judgment, and levied on the property of the firm, on the petition of Joseph J. Ulam, supported by affidavit, the court below, on the 7th August 1858, granted a rule to show cause why the judgment and execution should not be set aside; proceedings to stay in the mean time, but the lien of the levy and execution to remain.

Depositions were taken in support of this rule, and after hearing, the court below, on the 13th December 1858, ordered that the judgment and execution be set aside as against Joseph J. Ulam; that the levy on the partnership property of the firm of Ledlie & Ulam be set aside; and that the execution of the said writ, or of any other writ to be issued on the judgment, be restricted to the individual property of James E. Ledlie, and to his interest in the partnership property of the firm of Ledlie & Ulam.

The plaintiffs, thereupon, sued out this writ, and here assigned such order for error.

*Shaler* and *G. P. Hamilton*, for the plaintiffs in error.—The order is one from which a writ of error will lie : 1 *Tr. & H. Pract.* 598; 3 *Binn.* 273; *Id.* 436; 1 *Penn. R.* 375; *Addison* 119, 121.

The principal question raised by the record is, the propriety of the order of the court below setting aside the levy on the partnership property. The judgment had no relation to the individual property, and no levy had been made on that of Ulam. The

[Hutchinson *et al. v.* Ledlie *et al.*]

farthest the court should have gone was, to limit the levy to the partnership property. The acts of one partner, though under seal, if they are done in relation to partnership affairs, and within the scope of partnership obligations, are binding on the firm. Fagely *v.* Bellas, 5 *Harris* 67; one partner has power to confess a judgment against the firm, for a partnership debt: Grier *v.* Hood, 1 *Casey* 430.

*N. P. Fetterman* and *P. C. Shannon,* for the defendants in error.—The opening of the judgment and restricting the execution was a matter resting in the discretion of the court below, and is not the subject of review on a writ of error. In the cases cited for the plaintiffs in error, the matter of complaint appeared on the face of the record; but in this case, it does not: 6 *S. & R.* 1; 2 *Binn.* 80; *Id.* 234; 2 *S. & R.* 388; 2 *Watts* 108; 10 *Barr* 42; 6 *Watts* 26; 16 *S. & R.* 318; 3 *Watts* 78; 5 *Id.* 104; 3 *Penn. R.* 273; 1 *Casey* 105; 1 *Penn. R.* 323.

One partner cannot bind the firm, by an instrument under seal, without the consent of the other partner: 3 *Kent's Com.* 47; 7 *T. R.* 307; 4 *W. & S.* 290; 5 *Harris* 71; *Id.* 485; 7 *Id.* 240; 6 *W. & S.* 168; 1 *Penn. R.* 285; 6 *Casey* 84. The authority must be special: 12 *S. & R.* 249. In Grier *v.* Hood, 1 *Casey* 430, cited by the plaintiffs in error, the contest was between creditors; here, it is the other partner who dissents from the judgment and asks to have it set aside.

The opinion of the court was delivered by

LOWRIE, C. J.—The abundant caution of the defendants in preparing their paper-book, seems to us to have run into excess. On the evidence, we should probably decide the case as the court below did. But this is not the question raised by this writ of error. In strict practice, it does not bring up the evidence, or if it does, it brings it up only that we judge of its competency. But the plaintiffs in error do not treat it as brought up, and they assign no error upon it.

They raise only the question of the authority of the court to set aside their judgment on the warrant of attorney, or to modify it as they did. This is, of course, a question for a writ of error, for it is directly raised by the record, and we have no evidence to review, as we may have on appeals.

We have no sort of doubt about the court having the authority which they exercised. The learned opinion of the late Chief Justice in Banning *v.* Taylor, 12 *Harris* 291, is erroneously reported as the opinion of the court; for only two judges agreed to it, four having sat on the case; but it shows very convincingly, that the courts have this power over judgments entered by warrant

[Hutchinson *et al. v.* Ledlie *et al.*]

of attorney. They have it for cause appearing on the record, and also for causes that may be made to appear by evidence. In this case, the causes are shown by evidence of witnesses, and we presume that the court decided the facts correctly.

Proceedings affirmed, and record remitted.