## APPEAL OF T. W. APPLEBEE.

### [HALL v. APPLEBEE.]

FROM THE DECREE OF THE COURT OF COMMON PLEAS OF ERIE COUNTY.

Argued April 29, 1889—Decided May 13, 1889.

1. An application to open a judgment entered upon a warrant of attorney or judgment note is an equitable proceeding, addressed to the discretion of the court, and is to be disposed of in accordance with the principles of equity: the judge to whom the application is made acts as a chancellor, and upon appeal the Supreme Court will see only that his discretion has been properly exercised.

2. That there is a conflict in the testimony filed by the parties is no reason why the judgment should be opened: the court to which the application is made has a right to pass upon the evidence, and in this case did so; besides, the note was given in 1875, judgment entered in 1881, and the motion to open was made in 1888.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 231 July Term 1888, Sup. Ct.; court below, No. 334 February Term 1881, C. P.

On March 14, 1881, A. E. Hall caused judgment to be entered in his favor against T. W. Applebee upon a judgment note for $105 dated April. 14, 1875, payable April 14, 1876. On February 25, 1888, the defendant obtained a rule on the plaintiff to show cause why the judgment should not be opened, and he be allowed to make a defence thereto. Both the plaintiff and the defendant took depositions.

The defendant testified, substantially, that on April 14, 1875,

he wished to purchase a horse to work on his farm, and learning that Mr. Hall had a horse for sale, in company with G. W. Force, he went to see him ; that he informed Mr. Hall that he wanted to purchase a large, heavy horse to put to farm work every day; that Mr. Hall replied, " that is just the horse you want, he is sound, true and right, every way; he is a good feeder," to put him in, and he was good for every day's hard work, the year round ; that Hall repeated a number of times, that he would vouch for the horse being all right, sound and true in every way ; that defendant asked his price for the horse, and Mr. Hall replied $150, and he paid $50 and gave his judgment note, now in suit, for $100, payable April 14, 1876.

G. W. Force, a witness for defendant, testified, inter alia, that Mr. Hall warranted the horse and said he was sound and good to work, and if he gave him plenty of feed he could do the work.

The defendant introduced testimony to prove that the horse after he had purchased him acted crazy and blind, and seemed to have fits, and that Hall knew the horse was worthless.

The plaintiff denied that he had warranted the horse, saying, " I told Applebee that he could hitch up the horse and try him, as I did not know anything about the horse except as I had used him ; there was nothing said about warranting the horse; I did not warrant him." He further testified that the horse had been given him by his son ; that he had had the horse only about seven months, and during that time he showed no symptoms of being wrong in any way, though he admitted that he knew that the horse was balky or sunstruck before he sold him. He produced several other witnesses who testified to the same effect.

On July 10, 1888, the court, GUNNISON, P. J., discharged the rule, saying : " There is not sufficient testimony to show that the plaintiff knowingly stated what was false in the sale of the horse for which the note in·suit was given, nor will the testimony justify a finding that there was a warranty. The rule to show cause is discharged."

A rule to review this order of the court having been discharged, the defendant took this appeal, assigning the said order as error.

*Mr. Wm. Benson,* for the appellant.

*Mr. D. R. Cushman* and *Mr. E. L. Whittelsey,* for the appellee, were not heard.

PER CURIAM:

This was an appeal from the refusal of the court below to open a judgment. In the Appeal of the Jenkintown National Bank, decided at this term, and reported in 124 Pa. 337, it was held that " An application to open a judgment entered upon a warrant of attorney or judgment note, is an equitable proceeding, addressed to the discretion of the court, and is to be disposed of in accordance with the principles of equity. The judge to whom the application is made acts as a chancellor, and upon appeal the Supreme Court will only see that his discretion has been properly exercised." There is nothing upon this record to show that the learned judge below did not properly exercise his discretion in refusing to open this judgment. There was some conflict of testimony, it is true. That, however, is no reason why the judgment should have been opened. The learned court had a right to pass upon the evidence, and has done so. Aside from this the judgment note was given in 1875. Judgment was entered upon it March 14, 1881. The motion to open was made February 25, 1888. If there is any equity in the case, which is more than doubtful, it is exceedingly stale.

The decree is affirmed and the appeal dismissed at the costs of the appellants.

