# Union Trust Company of Pittsburgh for Use of Wakefield v. Hugus.

*Judgments—Rule to open judgment—Bonds—Blanket mortgage —Release clause—Payment—Subrogation—Contribution.*

1. An application to open a judgment is an equitable proceeding addressed to the discretion of the court and in considering such action the court will pass upon all the facts and do justice between the parties.

2. If the assignee of a mortgage makes payments to the mort-

gagee from time to time to protect his individual interests and the interests in which he is mutually concerned with others, such payments not being made with the intention of cancelling the mortgage pro tanto, he is entitled to subrogation to the rights of the mortgagee to the extent of such payments; and if the mortgage is paid in full and satisfied, he is entitled to equitable contribution from the others.

3. A blanket mortgage covering a number of lots reserved to the mortgagor and his assigns the right to have the lots released from the lien of the encumbrance upon payment of certain sums per front foot. Payments were made by owners of certain of the lots and such lots were released from the lien of the mortgage. The owner of the bond entered up judgment thereon. The owner of certain of the lots which have not been released from the lien of the mortgage petitioned the court to open the judgment, alleging that under the judgment as entered the lots held by him would be chargeable with a larger amount of the debt than they were chargeable with under the terms of the mortgage, and further alleging that the judgment represented a larger amount than was due upon the mortgage. The lower court dismissed the petition. *Held,* (1) the lots owned by the petitioner should not be subjected to a higher charge than was represented by the amount due computed at the foot front price, and (2) the judgment should have been opened so as to permit the petitioner to show that under the judgment the plaintiff would receive a greater sum than he would be equitably entitled to if payment were made in full on such basis, and the order was reversed.

4. In such case if an adjustment on the basis of the foot front price would result in a payment of more than is due to the assignee of the mortgage and thus permit him to profit at the expense of the other parties to the transaction, the burden is on the petitioner to show such fact.

5. In such case petitioner's contention that the conveyance to him not having made express reference to the mortgage, he took free from the encumbrance thereof except as to the amount actually due on the mortgage, not taking into consideration the payments which the assignee of the mortgage had made to the mortgagee for the former's protection, is without merit where petitioner had actual knowledge of the mortgage.

Argued Oct. 19, 1916. Reargued April 16, 1917. Appeal, No. 155, Oct. T., 1916, by H. S. Swartz, from order of C. P. Allegheny Co., Apr. T., 1916, No. 53, refusing to set aside a sheriff's sale and to open a judgment, in case

of Union Trust Company of Pittsburgh for use of James A. Wakefield v. Harry G. Hugus.  Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.  Modified and affirmed.

Petition for rule to set aside a sheriff's sale and open a judgment.

The opinion of the Supreme Court states the facts.

The court dismissed the petition.  H. S. Swartz appealed.

*Error assigned* was the order of the court.

*John A. Metz,* with him *George Y. Meyer,* for appellant.

*Ben C. Tunison,* with him *James A. Wakefield,* for appellee.

OPINION BY MR. JUSTICE FRAZER, June 30, 1917:

Appellant, an owner of real estate, appeals from a decree dismissing a petition to set aside a sheriff's sale and open a judgment entered on a bond accompanying a mortgage on the premises given by a former owner of the property.

The facts of the case, as they appear from the petition and answer, are not disputed.  The bond and mortgage in question were given June 21, 1911, by Harry G. Hugus to the Union Trust Company of Pittsburgh to secure the payment of $20,000.  The mortgage covered 134 lots and contained a provision reserving to the mortgagor and his assignees the right to have lots released from the lien of the encumbrance upon payment of $10 or $30 a front foot, depending upon their location.  Nine of the lots were subsequently sold and payments made on account of the mortgage, and on June 24, 1912, Hugus sold the remainder of the property to R. M. McAnulty, subject to the lien of the mortgage.  Payments on account of the

indebtedness were made by McAnulty and other pur-
chasers of lots from time to time until April 11, 1914,
when the balance due and unpaid was $9,885, and on
that date McAnulty conveyed 34 of the lots to Lawrence
Happe "subject to a certain mortgage given by Harry
G. Hugus to the Union Trust Company of Pittsburgh,
dated June 21, 1911, ......setting forth a release of $30
per front foot on Marshall avenue and $10 per front foot
on Delaware and Mayfield avenues amounting to
$18,270, which the party of the second part assumes and
agrees to pay with six per cent. interest, from date hereof
as part of the consideration." On May 8, 1914, these
lots were conveyed by Happe to the Marshall Place Land
Company "subject to that certain mortgage given by
Harry G. Hugus to the Union Trust Company of Pitts-
burgh, Pa., dated June 21, 1911......containing a re-
lease clause wherein said lots are to be released upon
payment of Thirty ($30.00) dollars per foot front on
Marshall avenue and Ten ($10.00) dollars per foot front
on Delaware and Mayfield avenues; said mortgage upon
said lots amounting to the sum of Eighteen Thousand
Two Hundred Seventy ($18,270.00) dollars with interest
thereon at six per cent. from 21st day of April, 1914."
The land company afterwards conveyed 13½ of the lots
to H. S. Swartz, the petitioner in this case, by deed that
made no reference to the Hugus mortgage. In the mean-
time payments on account of the mortgage were made
from time to time by various lot owners, and, on Decem-
ber 23, 1915, there remained a balance due the Union
Trust Company of $2,473.40 with interest, which amount
was paid by Wakefield, the use-plaintiff, to whom the
mortgage was assigned by the trust company. On the
same date McAnulty assigned to Wakefield all his right,
title and interest in the mortgage, Hugus having pre-
viously assigned his interest to McAnulty. Wakefield
entered judgment on the bond assessing damages, includ-
ing debt, interest and commissions, at $15,512.28. A fi.
fa., sheriff's sale and petition to set aside the sale and

open the judgment followed. Petitioner averred the sum due to be the balance paid the Union Trust Company by Wakefield amounting to $2,473.40, and asked that he be permitted to defend as to the remainder of the judgment. The supplemental answer avers, and the testimony taken shows, the parties to the several conveyances were interested in the Marshall Place Land Company and, at a meeting of that company held June 1, 1915, for the purpose of settling its affairs, a division of the lots was agreed upon, and, for the purpose of facilitating the sale of lots, conveyances were made to the various stockholders, including petitioner, of portions of the property, and it was further agreed that the grantee in each case should pay to McAnulty for releases the foot frontage price stipulated in the Hugus mortgage. According to the petition appellant seems to concede a possible liability to pay the sum of $7,423.20 with interest from April 11, 1914, and denies liability for any sum over and above the amount remaining unpaid to the mortgagee, the Union Trust Company, at the time of the assignment to Wakefield.

The recitals in the deed from McAnulty to Happe, and those in subsequent conveyances referring to the mortgage and its conditions, do not fasten upon the lots sold a liability for the entire amount or balance of the mortgage due at that time. The statement of the total amount of the indebtedness is merely descriptive and apparently represented the unpaid balance due at that time, and was inserted in place of the original amount of $20,000. Under the terms of the mortgage a purchaser of one or more lots had a right to demand a release from the mortgage upon tender of the proper amount, computed on the basis of the front foot price set out in the encumbrance. Any other construction of the mortgage would render the latter provisions useless, by conferring upon the mortgagee the right to demand payment of the entire indebtedness as a consideration for the release of a single lot, notwithstanding the amount due on the mortgage was

out of all proportion to the value of the property. The lots owned by petitioner should not therefore be subjected to a higher charge than was represented by the amount due computed at the front foot price, aggregating $7,423.20 with interest.

Petitioner contends however that he is not bound to pay even this sum because the mortgagee had received from others on account of the indebtedness secured by the mortgage the unpaid balance of $2,473.40 and as the conveyance to him was made without express reference to the mortgage he took free from all encumbrances, except the amount actually due on the mortgage.

An application to open judgment is an equitable proceeding addressed to the discretion of the court: Kelber v. Pittsburgh Nat. Plow Co., 146 Pa. 485; and in considering such action the court will pass upon all the facts and do justice between the parties: Applebee's Appeal, 126 Pa. 385.

It should be noted that appellant does not occupy the position of a disinterested third person taking title to property subject only to such liens as appear of record. He was a stockholder of the Marshall Place Land Company and participated in the settlement of its affairs, including the division and conveyance of its property to the individual stockholders, subject to equitable adjustment of the mortgage by payment of a proportionate share for each lot to the person who had advanced money to the mortgagee from time to time. So far as appears from the record, such share was represented and fixed by the terms of the mortgage itself. If an adjustment upon this basis would result in the payment of a total of more than is due the assignee of the mortgage and thus permit him to profit at the expense of other parties to the transaction, the burden is on petitioner to show this fact. If the assignee of the mortgage made payments to the mortgagee from time to time to protect his individual interests and the interests of the land company in which they were mutually concerned, such payments not being

made with intention of cancelling the mortgage pro tanto, he is entitled to subrogation to the rights of the mortgagee to the extent of such payments: 27 Cyc. 1435; Forest Oil Company's Appeal, 118 Pa. 138. Even if the mortgage had been paid in full and satisfied, he would be entitled to equitable contribution from the others: Beddow v. Dewitt, 43 Pa. 326.

The record is remitted with leave to the petitioner to show the use-plaintiff will receive a greater sum than he would be equitably entitled if payment be made in full on the front foot basis; and in absence of such proof the judgment is modified and judgment is directed to be entered for the sum of $7,423.20 with interest from April 11, 1914.