## Merchants Banking Trust Company v. Klimosky et al.

*Promissory notes—Signature—Principal or witness—Position of signature—Judgments—Opening.*

1. Where a judgment promissory note is drawn to be signed by two persons, as indicated by two seals on the right, and is so signed, a signature of another person on the left hand will be presumed to be that of a witness; and if the note is entered up so as to include such person as a party defendant, the judgment will be opened as to him.

2. As the judgment is good as to some of the defendants, it will not be stricken off.

Rules to open judgment and to strike off judgment. C. P. Schuylkill Co., Nov. T., 1921, No. 409.

*A. D. Knittle,* for plaintiff; *J. J. Gallagher,* for defendant.

KOCH, J., Jan. 3, 1927.—Judgment was entered upon a bill single, which upon its face shows two alterations, the one being the cancellation, by using a

lead pencil over the word "Witness," and the other being a line drawn with pen and ink through the name of Frank Klimosky, who had signed under the word "Witness." The note reads as follows:

"$5061.20.                                                          Apr   May 29   1920.

"One day after date we promise to pay to the order of Merchants Banking Trust Company Five thousand sixty one 20/100 Dollars, without defalcation, value received, with interest.   And further we do hereby authorize and empower any Attorney of any Court of Record of Pennsylvania, or elsewhere, to appear for and to enter Judgment against us for the above sum, with or without declaration, with costs of suit, release of errors, without stay of execution, and with ten per cent. added for collecting fees; and we also waive the right of inquisition on any real estate that may be levied upon to collect this note, and do hereby voluntarily condemn the same, and authorize the Prothonotary to enter upon the *Fi. Fa.* said voluntary condemnation, and we further agree that said estate may be sold on a *Fi. Fa.*, and we hereby waive and release all relief from any and all appraisement, stay, or exemption laws of any State, now in force, or hereafter to be passed.

Witness.                                          FRANK KLIMOSKY.
    Frank Klimosky.                        MARTIN YAKUBONIS [L. S.]
    John Milunos.                            JOHN X. GREEN      [L. S.]
    Zig Karkauskas.                        YURGIS BALLS."

It was endorsed by the Merchants Banking Trust Company as follows: "Merchants Banking Trust Company of Mahanoy City *versus* John Grien, George Balls, Matthew Yokobonus, Frank Klimosky."

It was handed to the late Joseph H. Garrahan, Esq., deceased, for the confession of judgment, and in his præcipe he named the defendants as they are found in the caption of this case, and the prothonotary entered judgment against the six.   But, in endorsing the præcipe, Mr. Garrahan gave Milunos's Christian name as Frank, and the prothonotary made the same error in entering the judgment.   Milunos died on May 14, 1925.   John Green and George Balls have paid the bank and are subrogated to the rights of plaintiff.   They presented a petition to this court on Feb. 15, 1926, and obtained a rule on Mary Milunos, the administratrix of John Milunos, to show cause why the record should not be amended so as to make the judgment appear to have been entered against John Milunos instead of Frank Milunos, and the rule was made absolute on May 3, 1926.   On May 10, 1926, Mary Milunos obtained the rule to strike off the judgment, and on May 19, 1926, she obtained the rule to open the judgment.

The note is printed, but the blank spaces are filled with ink.   Mrs. Milunos had depositions taken in support of her rule, and from those depositions and the appearance of the note itself, the signature of John Milunos as a maker of the note is equivocal.   As only two seals appear on the body of the note, and, as it is signed by at least four persons, the note is the promissory note of at least two, and a bill single of the two others: Biery *v.* Haines, 5 Whar. 563.   "It matters little where the signature of a party to a writing may be placed, if the instrument imports an obligation or an engagement and is accordingly so signed.   Whether it appear at the right or the left hand of the paper, the signer will be presumed to be bound by it, for there is no room for an inference that any other was intended to be the signer.

"But this cannot be claimed where the signature occupies a position that is certainly equivocal. . . .   Custom is law, and by it we are justified in inferring that an instrument drawn to be signed by one person, and signed at the right hand, is the signature of the promissor, and a signature on the left side is

the attestation:" Steininger v. Hoch's Executor, 39 Pa. 263, 267, 268. See, also, Oberdorf v. Oberdorf et al., 25 Dist. R. 293.

The word "Witness," under which the name of John Milunos appears, would indicate that he signed the note as a witness only, and the apparent cancellation of that word requires explanation. An instrument under seal is usually executed in the presence of a subscribing witness, and the fact that a line is drawn through Frank Klimosky's name under the word "Witness" and that his name appears on the right side of the note as a maker of it, would indicate that the left side of the note was reserved for witnesses only. The facts, therefore, present a case for investigation, and the petitioner should be afforded an opportunity for that purpose, although the note was filed on Oct. 28, 1921. But there is nothing in the case to show that the judgment should be stricken from the record, for the judgment is good as to at least some of the defendants.

The rule to strike off the judgment is discharged, and the rule to open the judgment to let the administratrix of John Milunos, deceased, into a defence is made absolute.

From M. M. Burke, Shenandoah, Pa.