## Mihevc v. Gerchman et al.

*Van Scoten & Little*, for plaintiff; *L. A. Fine*, for defendants.

SMITH, P. J., January 5, 1931.—The record discloses a note dated September 17, 1927, containing authority to "any attorney of any court of record of Pennsylvania . . . to appear for and enter judgment against me for the above sum" ($1000 and interest), in which note the pronouns designating the signing debtor are in the singular, viz.: "*I* promise to pay . . . *I* do hereby authorize . . . to confess judgment against *me; I* also waive the right of inquisition . . . *I* further agree [to sale of real estate on fieri facias] . . . witness *my* hand and seal, . . ." and which is signed by John A. Gerchman at the bottom and to the right, with the word "*seal*" immediately following on same line as the signature. To the extreme left and below the body of the note are the signatures, each above the other in the following order: John A. Dutchman; John Smith, and Joseph Pavliovitch, without seals following the names or any words designating the character of their signing, such as "witness" or otherwise.

Judgment was entered thereon by the prothonotary, based upon the following appearance by Charles L. Van Scoten, attorney for all four signers of the note: "I hereby enter and confess judgment in favor of Joseph Mihevc and against John A. Gerchman, John W. Dutchman, John Smith, for the sum of $1000," etc., the initial "W" of Dutchman's name being afterwards corrected to "A." It is to be observed that in this paper entering and confessing judgment the name of the fourth signer, Joseph Pavliovitch, is omitted.

On May 17, 1930, the defendants, Dutchman, Smith and Pavliovitch, filed their joint affidavit, alleging judgment had been entered against them without authority, as they had only "affixed their names as witnesses, as appears by the position of their signatures on said note," and praying for a rule, which we granted, to show cause why judgment entered against them should not be stricken off, because of what thus appears of record.

The plaintiff by affidavit filed denies the above allegations of defendants, averring that "all of the signers on said note . . . signed as joint and several makers." The learned attorneys for the plaintiff contend that the defendants' only proper procedure and remedy is a rule to show cause why the judgment as to them should not be opened, instead of stricken from the record.

Thus we are presented with an unusual and interesting question for our determination, concerning which our research has discovered no direct authority, notwithstanding the contention of the learned attorney for the defendants to the contrary that the decision of Steininger v. Hoch's Exec'r, 39 Pa. 263, is decisive in their favor, a position in which we cannot concur.

In that case the question of the validity of a judgment by confession was not under consideration. It was an action of assumpsit by the holder of a note upon which the location of the signature of the defendant was the same as that of the three at bar. It was in this form of action, assumpsit, that the same question arose as here, a question there stated: "Whether the defendant was a subscribing witness or an original promissor?" The verdict was for the plaintiff. On appeal, the error assigned was the admission of the note in evidence on mere proof of defendant's signature, and an extract from the charge of the court as to sufficiency of proof. To quote from the opinion of Thompson, J., reversing the court below:

"It was claimed when [the note was] offered in evidence, that, inasmuch as the word 'witness' did not appear, to explain the purpose of the defendant's signature, that, therefore, its appearance on the paper was *primâ facie* evidence that it was the promise of the defendant. It was only on this ground that the court could have admitted it on proof of the signature alone . . . but the doctrine that this execution was to be taken to be *prima facie* evidence that it was the promissory note of the defendant, was a serious error, as will appear presently. . . ." Referring to the discussion in the following paragraph of the opinion, he defines the nature of the instrument: "*Prima facie* it was not the several note of the defendant, for it was the perfect single bill of another, his signature did not go a step towards establishing that it was his promise, it was just where the name of the subscribing witness is usually to be found. . . . Custom is the law, and by it we are justified in inferring that an instrument drawn to be signed by one person, and signed at the right hand, is the signature of the promissor, and the signature on the left is the attestation." As to necessity for further proof and sufficiency thereof he later says: "It was not the defendant's note unexplained, and there could not properly have been a recovery, without there was a preponderance of testimony to establish an intended liability by the defendant." See, also, Hutchinson et al. v. Ledlie, 36 Pa. 112.

As the status of all signers to the note at bar is identical with that of those in Steininger v. Hoch's Exec'r, 39 Pa. 263, we must conclude that the principles quoted therefrom would apply here, were we called upon to rule on the trial of an action of assumpsit instituted on the note, against these three defendants, and that we must apply the same rules of evidence and burden of proof as there laid down. But what of the remedy and procedure

where we have on record a judgment actually entered against the defendants, now interposing a defense?

Citing and adopting the case of Steininger *v.* Hoch's Exec'r, *supra*, as undoubted and binding authority, we find, in Merchants Banking Trust Co. *v.* Klimosky, 9 D. & C. 143, Koch, J., discharging a rule to strike off judgment and making absolute a rule to open and let defendants into a defense, upon the identical allegations made by the defendants at bar in their affidavit of defense and relating to a judgment entered generally upon a note against four whose signatures were at the right and three others at the left—true, with the word "witness" above the latter, but canceled. We notice that the note there under consideration incorporated plural pronouns, where at bar they are singular.

A rule to open judgment instead of to strike off was allowed in Oberdorf *v.* Oberdorf et al., 25 Dist. R. 293, for the same reasons we have here, since the singular pronoun was used, citing Steininger *v.* Hoch's Exec'r, 39 Pa. 263, and quoting largely therefrom.

And, again, in Hunter *v.* Wilson, 20 Dist. R. 232, a rule to strike off judgment was discharged upon facts so clearly analogous to those at bar as worthy to be here cited as authority. What subsequent action was taken by the court does not appear, but the closing language of Auten, J., that the issue seemed to him to raise "an issue of fact which we ought not to determine at this time," the inference arises he would have entertained a rule to open judgment if asked for.

It is interesting to note that the "issues of fact" he mentioned were raised there, as here, by an "answer" to the defendant's allegations filed in the case.

If the allegations of defendants at bar are true, then judgment was irregularly or improperly entered against them, and they are entitled to have the same vacated or stricken off—and for present purposes we give the two phrases the same meaning and effect—but such allegations are denied by plaintiff's answer, which sets up facts which if true entitled him to his judgment as entered. Thus are raised issues of fact. But is a rule to strike off the proper procedure?

An application to open a judgment is an appeal to the equitable powers of the court, addressed to its discretion. In its consideration the court will pass upon all the facts and do justice between the parties: Union Trust Co. of Pittsburgh, to use, *v.* Hugus, 258 Pa. 479. On the contrary, if the defendant's contention of facts is sustained, the court must vacate the judgment and has no discretion but to so order. However, the facts, by the contradictory affidavits, are in dispute. The court in Hutchinson *v.* Ledlie, 36 Pa. 112, decides that the courts have authority to vacate or modify judgments entered on warrant of attorney either for cause appearing on the record or for such as may be established by depositions. And while the distinction between the two methods is well recognized, Rogers, J., in Chubb *v.* Kelly, 2 D. & C. 222, properly cites Hutchinson *v.* Ledlie, 36 Pa. 112, as authority that "the courts have sometimes treated [and we may say applied] the rules as if they were the same;" and that case is again cited in Evans, Assignee, *v.* Stilley, 8 D. & C. 466.

As an application of such interpretation supporting, we believe, our final conclusion, we cite Wilson *v.* Richard, 298 Pa. 17, in which there was a rule to strike off judgment. The defense to the judgment was that "the original note had not been filed in the court below and had never been in the hands or possession of the prothonotary of that tribunal," an omission by plaintiff to comply with the rule of court "that no attorney shall confess judgment upon

any instrument of writing on a power of attorney contained therein, without having the original instrument in his possession at the time of entering judgment." On appeal, the court below was affirmed in its discharge of the rule because the court below "finds as a fact that 'The original note . . . was presented to the court at the hearing [of the rule to strike off the judgment] and is made part of the records thereof,' " implying that if it had not been so produced the rule to strike off would have been made absolute.

Thus in the case last cited we have furnished the additional evidence of authority to enter the judgment, viz., the production of the note itself, a matter not appearing upon the record, which was in the nature of depositions to actually sustain the record itself, and which we are of the opinion should be allowed in the case at bar in view of the contradictory allegations of the defendants' and plaintiff's affidavits filed, to determine whether an issue should be hereafter framed to determine the vital issue thus raised.

Quoting from the *per curiam* opinion in Wilson *v.* Richard, 298 Pa. 17, 19: "To save an honest judgment the court of error will receive the warrant of attorney at any time before the final decision," citing Dyer 180 a and 1 Tidd's Prac. 66. This principle is of equal force in the case at bar, and the plaintiff should be given the opportunity to furnish the additional evidence, if available, as to the signatures of defendants and the location thereof upon the note, as required by the case of Steininger *v.* Hoch's Exec'r, 39 Pa. 263, above quoted, to sustain what he claims in his answer to be an honest judgment against those defendants.

On the other hand, we hold the latter have intervened in the proper mode by a rule to strike off such judgment, in which the burden first rests upon the plaintiff under the authorities we have cited.

And now, to wit, January 5, 1931, the motion to dismiss the rule to strike off is refused; and leave is granted to both plaintiff and defendants to take depositions in support of their respective contentions and contra; and the return day of said rule is extended to the first Monday of February, 1931; exceptions noted and bill sealed for both plaintiff and defendants.

From Gerritt E. Gardner, Montrose, Pa.