## Wilson *v.* Richard, Appellant.

Argued October 2, 1929. Before Moschzisker, C. J., Frazer, Walling, Simpson, Sadler and Schaffer, JJ.

18

*R. H. Klein,* of *Knight, Taggart, Klein & Reich,* for appellant.

*H. M. Rimer,* for appellee.

PER CURIAM, November 25, 1929:

This is an appeal from the refusal to strike off a judgment entered by confession. Plaintiff filed a statement in the court below averring that defendant, on May 21, 1914, executed and delivered to him a promissory note payable six months after date, with interest and attorney's fees, which obligation had not been paid; that the note contained "a warrant......authorizing any attorney of any court......to appear for [defendant] and confess judgment against him." The statement averred that a copy of the note was attached, and the record shows this to be the fact. The petition to strike off the judgment entered by virtue of this warrant of attorney, itself avers that a copy of the note was placed of record in the court below at the time of the entry of the judgment. The sole ground on which defendant attacks the judgment is that the original note had not been filed in the court below and had never been in the hands or possession of the prothonotary of that tribunal, defendant's petition averring that such note "is in the hands of H. M. Rimer, attorney for the plaintiff."

The rule of the court below, regulating confessions of judgments by attorneys under written warrants for that purpose, is as follows: "No attorney shall confess judgment upon any instrument of writing, on a power of attorney contained therein, without having the original instrument in his possession at the time of entering

judgment thereon." The court very properly held that, since the record showed this rule to have been complied with, no reason appeared for striking off the present judgment, stating that the manner in which the judgment was entered followed long established practice in that tribunal, that it was not to be assumed a member of its bar would undertake to enter a judgment under the rule without having in his possession the warrant so to do, and that the law furnished ample protection to any one injured by an abuse of power on the part of an attorney who might enter a judgment without a warrant.

As stated by us in Mahoney v. Collman, 293 Pa. 478, 482, "in some counties the rules of court require the original note to be filed"; but in Clarion County there is no such requirement, and its rule does not run counter to any of our decisions. Even in Banning v. Taylor, 24 Pa. 289, 292, relied on by appellant, Chief Justice LEWIS (writing for a divided court, affirming the court below: see Hutchinson v. Ledlie, 36 Pa. 112, 113) said: "If the appearance be by attorney, the warrant, in *strict law,* should be filed with the appearance, and at common law the want of it is error. To save an honest judgment the court of error will receive the warrant of attorney at any time before the final decision: Dyer 180 a; 1 Tidd's Prac. 66." Here the court below finds as a fact that "The original note......was presented to the court at the hearing [of the rule to strike off the judgment] and is made a part of the records hereof."

The order appealed from is affirmed.