## Altoona Trust Co. v. Fockler, Appellant.

Argued March 29, 1933.   Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey and Linn, JJ.

*Edward J. Harkins,* of *Scanlan & Harkins,* for appellant.—If the warrant of attorney is in existence as it was in this case and there is no rule of court permitting the entry of judgment upon a copy (and there was no such rule in this case), then the original warrant must be filed with the prothonotary at the time judgment is entered, and if it is not so filed the judgment is void: Maloney v. White, 24 Pa. C. C. R. 23; Weaver v. McDevitt, 21 Pa. Superior Ct. 597; Boggs v. Levin, 297 Pa. 131.

If the courts permit the entry of judgments by confession upon copies of warrants of attorney, regardless of the place of payment of the obligation, we would then have a situation where upon one obligation containing a warrant of attorney judgments might be entered against the defendants upon copies in every county of the Commonwealth.

The judgment including within itself something which was not authorized by the warrant is entirely void and should be stricken off: Essrig v. Greenburg, 5 Pa. D. & C. 183; Liberty Grotto v. Mead, 1 Pa. Dist. R. 639; Eddy v. Smiley, 26 Pa. Superior Ct. 318; Grakelow v. Kidder, 95 Pa. Superior Ct. 250; Bennett v. Haley, 142 Pa. 253; Bogg v. Levin, 297 Pa. 131.

*Thomas C. Hare,* with him *Robert F. Hare,* for appellee.—Filing the original obligation and warrant is not essential: Wilson v. Richard, 298 Pa. 17.

The original contract may be presented and filed at the time of the hearing of the rule to strike off the judgment: Wilson v. Richard, 298 Pa. 17.

If the defendant waives exemption, inquisition, condemnation and extension, the inclusion of the phrase "and agreeing that such real estate shall be sold on said

writ," in the confession, does not invalidate the judgment.

The inclusion of the objectionable phrase, if an error, affects process only and is waived by the defendant: Phila. v. Johnson, 23 Pa. Superior Ct. 591; Willis-Winchester Co. v. Clay, 293 Pa. 513; Public Lumber Co. v. Rodd, 287 Pa. 454.

The judgment may be corrected: Mars Nat. Bank v. Hughes, 243 Pa. 223; Pacific Lumber Co. v. Rodd, 287 Pa. 454.

OPINION BY MR. JUSTICE MAXEY, April 10, 1933:

This is an appeal from the order of the Court of Common Pleas of Blair County discharging a rule to strike judgment against the defendant from the record. The chief question involved is as to the validity of a judgment confessed upon a *copy* of an obligation containing a warrant of attorney where the original obligation is not filed or produced *at the time of the entry of judgment* and there is nothing of record to show the original obligation had been lost or destroyed. The facts are as follows:

December 4, 1930, the plaintiff, Altoona Trust Co., filed in the prothonotary's office of Blair County a declaration and confession of judgment against appellant and fourteen other defendants in the sum of $31,495.48 together with interest thereon from February 28, 1930, plus costs and with attorney's fees of 10%. This was done pursuant to a written agreement entered into between plaintiff and the fifteen defendants guaranteeing payment at maturity of a promissory note given plaintiff by one of its debtors, the Barr Manufacturing Corporation. This agreement provided, inter alia, "......if the said note, or any renewal or renewals thereof, with interest at the rate of six (6) per cent per annum, is not paid at maturity, we, and each of us, do hereby covenant to pay the same, and we, and each of us, empower any prothonotary or attorney of any court of record with-

in the United States, or elsewhere, to appear for us, and each of us, and after one or more declarations filed, confess judgment against us, and each of us as of any term, for the amount of the said principal indebtedness remaining unpaid, together with interest which has accrued thereon, or may thereafter accrue, with costs of suit and attorney's commission of ten (10) per cent for collection, releasing all errors, waiving the necessity of any preliminary demand upon us, or any of us, for payment of the said judgment, and waiving the rights to claim for any property any statutory exemption from levy and sale, and waiving inquisition and condemnation upon any real estate that may be levied on by virtue of any writ of fi. fa. issued upon any judgment obtained on this obligation."

The judgment was entered by virtue of this agreement, of which a *copy* was attached to the plaintiff's declaration and marked Exhibit "A." December 8, 1930, plaintiff filed an exemplified copy of the Blair County record of judgment in the Court of Common Pleas of Cambria County. The original agreement, pursuant to which the Blair County judgment was entered, was not filed in the prothonotary's office until argument on May 5, 1932, on the rule to show cause why the judgment should not be stricken off, granted on defendant's petition of April 4, 1932. This petition assigned as grounds for striking off the judgment the following:

"(a) Said judgment appears to have been confessed upon a copy of an alleged agreement and there is nothing of record to show that the original agreement is lost or destroyed.

"(b) The warrant of attorney is to be strictly construed and there was no authority given the attorney who confessed said judgment to confess judgment, 'and agreeing that such real estate shall be sold on said writ,' —(referring to real estate that may be levied on by virtue of any writ of fi. fa. issued upon said judgment).

The authority in the warrant having been exceeded, the judgment should be stricken off."

April 25, 1932, appellee filed an answer and the court granted a rule to show cause why the clause referred to in (b) above should not be stricken out of the judgment. May 2, 1932, appellant filed a reply to appellee's answer to the former's rule and on that day oral argument was had, plaintiff producing at that time and place the original contract and asking leave to file it. May 9, 1932, a decree directing the filing of the original agreement was entered and it was made part of the record. September 3, 1932, the opinion and decree discharging the rule to strike off the judgment was filed, the judgment being sustained. Defendant now appeals therefrom.

The questions appearing in the record are:

(1) The question stated in the first paragraph of this opinion.

(2) Is it error for the court to give leave to file the original obligation at the time of argument of a rule to show cause why the judgment should not be stricken off?

(3) Does the erroneous inclusion of the clause, "and agreeing that such real estate shall be sold on said writ" invalidate judgment entered by confession on an agreement expressly waiving inquisition and condemnation of real estate levied on under a writ of fi. fa. and expressly releasing all errors?

(4) Is it error for the court to give leave to conform the judgment to the warrant of attorney by striking out that clause?

There is no rule of court in Blair County relating to confessions of judgment by attorneys, and none requiring that the original obligation be filed. But it appears that the custom has long prevailed in that county of entering judgments on mere *copies* of agreements containing warrants for the confession of judgment.

This custom is of doubtful wisdom and might easily lead to difficulties and inflict injustice on debtors. If the custom should become state-wide, it would be pos-

sible for judgments to be entered on the same date in the 67 counties of the State on copies of an original warrant of attorney. If that should be done an aggrieved defendant would have to petition in 67 counties to have the judgment opened. When a judgment is entered in county "B" by the filing of an exemplified copy of a judgment on record in county "A," a defendant need not concern himself except with the validity of the parent judgment. If it is desirable that judgments should be entered on copies of instruments containing a power of attorney to confess judgment, it might be practicable and serve a useful purpose to have a rule of court in the several counties of the Commonwealth providing that judgment cannot be entered on a copy of such an instrument without the preliminary filing of an affidavit that the original was in the possession of the person filing the præcipe for the entry of judgment and that no judgment had been entered elsewhere on the original or on any copy thereof. The rule should also provide (1) that the prothonotary of the court of the county in which the judgment was entered on a copy should affix his certificate to the original instrument containing the warrant of attorney, to the effect that judgment had been entered in that county on a *copy* of the original, and (2) that when a judgment has been entered anywhere on a *copy* of the original instrument, judgment cannot again be entered on a copy of that instrument except upon a duly exemplified copy or otherwise as and when provided by statute.

However, it is not now necessary to decide the legality of entering judgment on a mere copy of the obligation containing a warrant of attorney to confess judgment, for here the original obligation was later presented to the court, filed and impounded. Upon the question as to the validity of the judgment, we must consider the whole record which was before the lower court. In view of the fact that no denial is made of the defendant's liability upon the original obligation and no question

raised as to the amount due, we hold that the filing of the original obligation containing the warrant of attorney to confess judgment meets every objection grounded on the initial entry of judgment upon the filing of a *copy*. See M. & M. Bank of Phila. v. St. John, 5 Hill (N. Y.) 497.

As to the second question, this must be answered in the negative and the second assignment of error overruled. "If the appearance be by attorney, the warrant, in strict law, should be filed with the appearance, and at common law the want of it is error. To save an honest judgment the court of error will receive the warrant of attorney at any time before the final decision: Dyer 180, a; 1 Tidd's Practice 66." Banning v. Taylor, 24 Pa. 289, 292, cited in Wilson v. Richard, 298 Pa. 17, 147 A. 833, and Mahoney v. Collman, 293 Pa. 478, 143 A. 186.

Our answer to the third question is also in the negative. The Act of April 21, 1921, P. L. 206, section 1, provides: "That whenever in any note, bond, or other obligation, given for the payment of a debt or the performance of any obligation, there is contained on the part of the maker or obligor a waiver of inquisition on real estate, and the said note, bond, or other obligation is entered of record in the office of the clerk of the proper court, and becomes a lien on any real estate of the maker or obligor, such waiver of inquisition shall be effective against and bind the real estate on which the same is a lien, in the hands of the maker or obligor, or in the hands of any purchaser or subsequent owner of such real estate, and shall at all times enure to the benefit of the payee or obligee of such note, bond, or obligation. In any proceedings for the collection of such note, bond, or obligation by a sale of the real estate on which the same is a lien, whether such real estate be in the hands of the maker or obligor or in the hands of a purchaser or subsequent owner, the real estate may be sold on a writ of fieri facias or venditioni exponas, as may be provided in

said note, bond, or obligation, or as may be provided by law, without any proceedings for an inquisition on the real estate, as is now provided by law."

The court below aptly said: "This act establishes the right of waiver of inquisition and makes the same effective against not only the obligor but any subsequent purchaser or owner and if any obligation does not specifically designate the writ upon which the real estate may be sold that then the land may be sold upon a writ provided by law. ...... In the obligation which is the basis of this judgment the defendants waive 'inquisition and condemnation upon any real estate that may be levied upon by virtue of any writ of fieri facias' and therefore the inclusion of the phrase in the confession of judgment 'and agreeing that such real estate shall be sold on said writ' is superflous language and in no way does it provide the plaintiff with a right which it does not have without such words, neither does it prejudice or work a hardship or disadvantage, or in any way change the legal rights or remedies of the defendant, and whether it was included in the original confession as the result of a clerical error or otherwise it in no way affects the regularity of this judgment."

"The presence in a judgment of merely superfluous provisions or directions, or of matters which follow as the legal consequences of the judgment, whether or not they are incorporated in it, or of unauthorized provisions, do not necessarily render the judgment either erroneous or void; such provisions may generally be disregarded as surplusage": 33 C. J., section 151, page 1212. See also Jones v. Gallagher (Okla.), 166 Pac. 204.

The court below also correctly said: "The original obligation authorizing the confession of judgment provides for the 'releasing all errors.' In Curry v. Bacharach, 271 Pa. 364, Mr. Justice KEPHART, speaking for the Supreme Court, clearly states the effect of the release of errors as follows: 'It is not a waiver of the right to have inquiry made into the power of the lessor to enter the

judgment at all. What it does is to release to the lessor all errors or defects in the judgment or in causing the writ to be issued.' "

From what we have just said, it logically follows that the answer to the fourth question must also be in the negative. Although the phrase objected to is mere surplusage, plaintiff is nevertheless entitled to correct the judgment to conform to the facts. Plaintiff is not asking to amend its declaration or warrant of attorney. In Mars Nat. Bank v. Hughes, 243 Pa. 223, 225, 89 A. 1130, this court held: "For errors in the entry of the judgment, or for the correction of clerical mistakes, application should have been made to the court to correct the original judgment to conform to the facts." In Pacific Lumber Co. v. Rodd, 287 Pa. 454, 135 A. 122, this court said: "That by error there was included in the confession of a waiver of inquisition, condemnation and exemption, which waiver did not appear in the original note filed...... It is true that the use of a warrant to secure an entry exhausts the power thereunder in so far as to prevent the confession of a second judgment based on a different ground or for a different amount, but the right to correct clerical errors is not thereby lost."

The defendant in his answer to the rule to show cause why judgment should not be corrected, avers: "The court should not permit the amendment of this judgment inasmuch as the rule has not been served upon all of the defendants in the judgment." This fact does not affect the defendant who has appeared. He has answered and submitted himself to the jurisdiction of the court which has jurisdiction of the subject-matter. He did not apply to have the judgment stricken from the records in behalf of his codefendants. Whether or not the judgment of the court on this rule is conclusive as to the remaining defendants, it concluded the defendant who appeared and submitted the cause for judicial determination.

The order is affirmed.