## Longacre et al. v. Breisch

M. A. Kilker and Cyril Kilker, for plaintiffs.
P. H. Burke and M. M. Burke, for defendant.

HICKS, P. J., December 17, 1934.—In pursuance of a "statement of default", the prothonotary entered judgment in favor of the plaintiffs and against the defendant in the sum of $575 on June 7, 1932, upon a sales agreement, "a copy of which" was attached to and made a part of the statement. In the so-called

"statement of default", it is averred that the defendant agreed to pay a commission of 5 percent of the purchase price for any sale made under the contract, which continued in force for a period of 6 months from its date and thereafter until 30 days after written notice of its cancellation. It is further averred that the premises, the subject of the sales agreement, were sold on May 12, 1932, for the sum of $11,500, whereby 5 percent became due and payable to the plaintiffs, and that on or about June 4, 1932, written notice of cancellation of the agreement was received by them from the defendant. The sixth paragraph of the statement of default is as follows: "That in accordance with the terms of the agreement, judgment is hereby confessed in favor of the plaintiffs, and against the defendant, for the sum of $575, with costs of suit, and an attorney's commission of 5 percent for collection, waiving inquisition, condemnation, stay of execution, and all exemption laws." The statement, which is signed and sworn to by the plaintiffs, concludes: "Wherefore plaintiffs demand that judgment be entered in their favor and against the defendant . . . in accordance with the tenor of the said agreement."

The defendant, on July 13, 1932, filed a paper, endorsed and entitled "Petition by defendant for rule to open judgment", but which in reality is a petition to open or strike off the judgment, entered as aforesaid. The basis of the rule issued thereon is, inter alia, (1) the entry of judgment upon a copy; (2) lack of authority to enter judgment for commissions on a sale not made by plaintiffs; (3) denial that a sale was made on May 12, 1932; (4) expiration of the sales agreement on July 5, 1932, after cancellation notice received June 6, 1932, by plaintiffs; and (5) a denial of indebtedness for any part of the judgment.

Although judgment was entered by the prothonotary upon an unauthorized confession of judgment by the plaintiffs, upon an agreement from the face of which the amount due was not ascertainable and in which the confession of judgment was contingent, the defendant's sole objection, pertinent to a rule to strike off, is that the judgment was entered on a copy of the agreement.

The plaintiffs had no authority to confess judgment against the defendant. Judgment was confessed in the agreement by the defendant. The prothonotary could not enter judgment against the defendant upon his confession under the Act of February 24, 1806, 4 Sm. L. 270, sec. 28, because the agreement did not on it face disclose the amount due: Orner v. Hurwitch et al., 97 Pa. Superior Ct. 263. Neither could the "statement of default" be considered as an amicable action, for the primary reason that the agreement contains no authority to anyone to confess judgment against the defendant. See Klein, Judgment by Confession in Pennsylvania (1929), 118-139. The foregoing is of course gratuitious, since the defendant makes no point of it but contents himself with the objection to the entry of the judgment on a copy of an agreement, which we will now consider.

There is no rule of court in this county relating to the entry of judgments on confessions and none requiring that the original obligation be filed. But it has been the custom in this county for many years to file the original obligation upon entry of a confessed judgment. The doubtful wisdom of entering judgments on mere copies of agreements containing warrants for the confession of judgments, with the attendant difficulties to and the injustices worked on debtors, is clearly shown by Justice Maxey in the case of Altoona Trust Co. v. Fockler, 311 Pa. 426, 431-432.

That a judgment should not be entered, as a general rule, by confession upon what purports to be merely a copy of the warrant of attorney, confession of judgment or instrument containing such, is supported in the following cases:

Snyder v. Sowers, 2 Northumb. L. J. 389; Maloney v. White, 24 Pa. C. C. 23; Fraley's Appeal, 76 Pa. 42; Banning v. Taylor, 24 Pa. 289; Chambers v. Denie, 2 Pa. 421; Peerless Soda Fountain Service Co. v. Hummer et al., 19 D. & C. 302.

The original agreement in this case was presented at the time of taking depositions and was introduced in evidence and is in the possession of the court. We will direct it to be filed and made part of the record. In the petition to open or strike off, no denial is made by the defendant that he executed the original agreement, and it is not until the original is produced at the hearing that he denies the execution of it. This is most properly considered as a basis for opening the judgment.

In Mahoney v. Collman, 293 Pa. 478, 480-482, it is held that a judgment may be confessed by an attorney on a copy of a note, the original, containing a power to confess judgment, having been lost, mislaid, stolen, or secreted. If the existence of the note is denied, payment asserted, or other legal defense be relied on, a motion to open the judgment should be made, and not a motion to strike off. In the instant case, the original agreement having been presented at the hearing of the rule, and by our order having been made a part of the record, we will discharge the rule to strike off: Wilson v. Richard, 298 Pa. 17, 19; Altoona Trust Co. v. Fockler, supra, pp. 431-433; Ankeny, Admr., v. Lohr, 99 Pa. Superior Ct. 203, 205.

The defendant urges his nonliability to the plaintiffs because they did not sell the premises and, since the contract was terminated before he sold it, he owes them nothing. The execution of the agreement presented by the plaintiffs as the original is denied by the defendant in his depositions. It is a loosely drawn and ambiguous paper with parts thereof, both on the front and reverse, admitted by the plaintiffs to have been inserted after its execution. The petitioner argues that the contract was terminated before the sale was made, while the plaintiff denies this.

In the alleged original agreement, judgment is confessed in the "event of any sale being made". The plaintiffs claim that this comprehends an agreement to sell, admitting tacitly that the actual sale did not take place until after the sales agreement had expired. But there is a distinction between a sale and an agreement to sell and buy, as recognized by all of the authorities. The agreement to sell and buy is preliminary to a sale and is not the sale itself; and it is said in this connection that anything short of passing title is not a sale but an agreement of sale: 66 C. J. 479, 480, secs. 4, 5. Again, the agreement provides: "in event the above described real estate is sold by other than the said broker, we agree to . . . notify the said broker of said sale . . . and agree in event of any sale so made to" pay the commission of 5 percent of the price.

There is a distinct and sharp variance in the depositions between the testimony of the plaintiffs and the defendant as to whether the sale was made by the latter before or after the termination of the sales agency agreement, and for that reason we will open the judgment. And, since grave suspicion is thrown on the alleged original agreement by admitted additions after execution and the denial of its execution, we will open the judgment generally and without terms.

And now, December 17, 1934, exhibit No. 10, the alleged original sales agreement is hereby directed to be filed as part of the record of this case; the rule to strike off is discharged, and the rule to show cause why the judgment should not be opened is made absolute.