Conn, Appellant, *v.* Hudson et al.

Argued September 25, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*E. D. Brown,* for appellant.

*J. K. Spurgeon,* with him *Joseph W. Ray,* for appellees.

OPINION BY MR. JUSTICE DREW, November 27, 1944:

This proceeding in equity was instituted by Marie A. Conn, plaintiff, to compel restoration, to its original form, of the marginal reference of a mortgage assignment made on the record of the mortgage in the Office of the Recorder of Deeds of Fayette County. The bill of complaint, as well as the exceptions filed following the entry of the decree nisi, having been dismissed, plaintiff took this appeal from the final decree entered by the learned court below, President Judge DUMBAULD dissenting.

After a hearing on bill and answer, the following facts were found: On February 27, 1943, plaintiff purchased, at sheriff's sale, three pieces of real estate in the City of Uniontown, Fayette County, subject, however, to a mortgage given under date of November 6, 1916, in the face amount of $3,000. This mortgage had been duly recorded on November 8, 1916, and, prior to the sale of the property to plaintiff, had been assigned four times. Each assignment had been recorded in the Recorder's Office in the proper Assignment of Mortgage Book, and notations, referring to the records of these assignments, had been made on the margin of the record of the mortgage with which we are here concerned. The last of these notations, and the only one having any bearing whatever on the instant controversy, reads as follows: "Apr. 26, 1939—See Assign $\frac{\text{(the balance)}}{\text{(of \$300)}}$ of this Mtge. to Robert H. Cornish & James B. Cornish, 56 Johnson Ave., Uniontown, Pa., dated Nov. 14, 1938 and recorded in Assign. Bk. Vol. 18, pg. 110." The record of the assignment to which this notation refers provides, inter alia, that in consideration of the sum of $300, the assignor, J. R. Smiley, assigned the balance due on the mortgage to Robert H. Cornish and James B. Cornish, two of defendants. There is nothing of record to indicate that any payments had been made on the mortgage indebtedness or what balance actually was due thereon. When

Thomas H. Hudson, Sr., Esquire, one of defendants, discovered that the notation of the assignment on the margin of the mortgage record showed that the balance due was $300 and that there was nothing in the assignment itself to justify such statement, he, as attorney for the assignees, the other defendants, requested the Recorder to have the notation changed so as to eliminate any reference therein to the amount of the balance due. Accordingly, some time in November, 1943, at the specific direction of the Recorder, the index clerk, who had made the original marginal notation when the assignment was recorded on April 26, 1939, altered the notation by drawing lines through the words "the balance of $300". A short time after such change was made, plaintiff, contending that the actual balance due on the assigned mortgage was $300, and that she was legally justified in placing reliance upon the marginal notation that that amount was the balance remaining unpaid, filed her bill of complaint, praying for the restoration of the notation to its original form and for a decree restraining defendants from further altering the record in any way. Defendants, in their answer, denied that plaintiff innocently relied upon the original marginal notation when she purchased the property or that she was damaged in any way whatever by reason of the correction made. They further averred that plaintiff was bound by the record of the assignment, rather than the marginal notation thereof.

When the assignment was filed on April 26, 1939, in the Office of the Recorder, it was duly recorded in an Assignment Book. And, not only were there entered on the margin of the mortgage record the date of the assignment and the book and page where it was recorded, as provided by the Act of April 6, 1876, P. L. 18, §1; but also there was included in such marginal reference a statement as to the balance due on the mortgage assigned, although the amount remaining due on the mortgage was not specified in the assignment itself. The clerk

no doubt inserted the words "the balance of $300" in the marginal reference, because of her erroneous supposition that the consideration named in the assignment was in reality the balance due on the mortgage when assigned. Since there was no statutory requirement that such a notation contain a statement of the balance remaining unpaid, it is only logical to suppose that the clerk placed it there merely as an aid to interested record searchers. The insertion of the words "the balance of $300" was unauthorized and unwarranted, and, must be treated as mere surplusage. The statement of the balance due in the marginal notation cannot be considered as constituting constructive notice to plaintiff or any other interested person. Plaintiff should have examined the record of the assignment itself to ascertain whether or not it set forth a balance of $300 as the amount remaining unpaid on the mortgage indebtedness. She was not protected by a reliance upon the notation on the margin; nor were the assignees deprived of their rights under the assignment because of the inaccuracy therein. In this connection, we said, in *Gulf Ref. Co. v. Camp Curtin Tr. Co.*, 323 Pa. 465, 470, 187 A. 437: "The court is of opinion, therefore, that whereas the 'mortgagor,' 'mortgagee,' and 'where recorded' columns of the indices provided by the Act of 1875 [March 18, P. L. 32], contain data which have the effect of constructive notice, any additional information prescribed by the county courts under the Act of 1891 [May 26, P. L. 129], such as, in the present case, the 'location and remarks' column, can be deemed to be furnished only by way of assistance or convenience to the searcher of the records, but not as constituting constructive notice, or impairing substantive rights because of omission or defective statement."

The clerical error made in the notation on the margin is entirely dissimilar to one arising in the making of a record pursuant to legislative mandate for the purpose of giving constructive notice to all interested parties. Under these circumstances, it was obviously the

duty of the Recorder, as soon as the mistake was called to his attention, to direct his clerk to change the marginal reference so as to conform to the assignment on record in his office. Furthermore, it is clear that if plaintiff did rely upon the notation on the mortgage record, she did so with full notice of its inaccuracy, for prior to the sheriff's sale of the property upon which this mortgage is a lien, the assignees gave written notice to the sheriff that the premises were subject to a mortgage debt of over $7,000, which notice he read to the bidders at the time of the sale.

The question of the amount due cannot be determined in a proceeding in equity. Plaintiff has an adequate remedy at law for the determination of the balance actually due and owing on the mortgage, under the provisions of the Act of May 25, 1887, P. L. 270, §1. She also may, by proceedings at law, have all payments made on the mortgage credited on the margin of the record thereof, as provided by the Acts of March 31, 1823, P. L. 216, §2, and May 9, 1889, P. L. 166, §1-2. Furthermore, should the assignees of this mortgage take action voluntarily to reduce their claim thereon to judgment in scire facias proceedings, plaintiff can plead all payments that have been made on the mortgage indebtedness.

We are convinced the learned court below properly dismissed the bill of complaint.

Decree affirmed. Costs to be paid by appellant.

DISSENTING OPINION BY MR. JUSTICE PATTERSON:

We are here concerned only with the power of the recorder to change a writing on the margin of a mortgage record. Whether the balance due was $300 or $3000, or whether appellant was legally justified in relying upon the notation is irrelevant. Whether the recorder had authority to direct his clerk to strike out the words "the balance of $300", whether the advice of an attorney that a particular notation has erroneously been made

upon a public record, is sufficient authority to empower the recorder to alter such notation, or whether the source of the power to authorize the same rests in the courts is the sole question. I am of opinion that the power to authorize the alteration rests exclusively in the courts.

The entry upon the margin was made by virtue of authority given by the Act of 1876, P. L. 18, 21 P.S. Section 624. That act imposes a duty upon the recorder of deeds "to enter, upon the margin of the record of any mortgages, the book and page wherein any assignment or assignments of the same are recorded, together with the date of such assignment . . ." If the recorder does more and enters the names of the parties to the assignment, it cannot be said that the names are not part of the record.

This Court has held that the proper procedure to correct clerical errors made upon public records is to petition a court of equity to direct that the record be changed to remedy whatever error may exist. In *Altoona Trust Co. v. Fockler*, 311 Pa. 426, 435, Mr. Justice MAXEY, now Chief Justice, said, quoting from *Mars Nat. Bank v. Hughes*, 243 Pa. 223, 225: " 'For errors in the entry of the judgment, or for the correction of clerical mistakes, application should have been made to the court to correct the original judgment to conform to the facts . . .' " Designating the words as surplusage cannot affect the exclusive power of the courts. What has been entered upon public records should remain until removed at the direction of the proper authority. Not by voluntary action of the recorder upon suggestion of an attorney desiring a change so that the record may be used in future or impending litigation but only by judicial direction may such surplusage be removed. To hold otherwise, as the majority opinion does, will result in unreliable records, contrary to the intent and purpose of the recording acts, and a chaotic status of the entire recording system.

I would reverse the decree of the court below.