## Crane v. Harris

*Harold C. Edwards*, for petitioner.
*C. Edward DePuy*, contra.

DAVIS, P. J., April 25, 1946.—This matter comes before the court on rule to show cause why judgment in ejectment should not be stricken off.

On January 17, 1946, the above-named parties entered into a written agreement wherein plaintiff agreed to discontinue proceedings for recovery of possession of premises situate at 603 Thomas Street, Stroudsburg, Pa., pending before a justice of the peace, and defendant agreed to remove from said premises by February 28, 1946. The agreement contained the following provision:

"Should the party of the second part fail to vacate and remove from the premises on or before the 28th day of February, 1946, then the party of the second part authorizes any attorney of any Court of Record to appear for him and enter an amicable action of ejectment and confess a judgment of ejectment therein for the said premises, and authorizes the immediate issuing and execution of a writ of habere facias possessionem with clause of fieri facias for costs, without asking leave of court."

On March 12, 1946, D. A. Hansen, an attorney of this bar, appeared for defendant and confessed judgment in ejectment. To the confession of judgment was

attached a copy of the aforesaid agreement. On the same day a writ of habere facias possessionem with fi. fa. for costs was issued. March 29, 1946, defendant presented his petition to the court in chambers asking for a rule to strike off judgment. At this time counsel for plaintiff exhibited the original agreement to the court and to defendant's counsel. At the argument of the case on April 18, 1946, plaintiff's counsel presented the original agreement to the court. Thus, it appears that as soon as the question was raised the original warrant of attorney was produced. There is no local rule of court relating to confessions of judgment by attorneys, and none requiring that the original obligation be filed.

Defendant contends that the judgment is invalid for the reason that the written authority upon which the confession of judgment is based was not filed with the prothonotary at the time the judgment was confessed.

This question was raised and decided against the contention of defendant as early as 1845 in the case of King v. Cartee, 1 Pa. 147. To the same effect are: Banning v. Taylor, 24 Pa. 289 (1855), Tanner v. Hopkins, 12 W. N. C. 238 (1882), Mahoney v. Collman, 293 Pa. 478 (1928), Wilson v. Richard, 298 Pa. 17 (1929). In Kaspar v. Warfel, 28 Lanc. 83, a copy of the lease was attached to the confession of judgment. The rule to set aside the writ of habere facias possessionem issued thereon was discharged, the court going so far as to say (p. 84), " 'The lease is an important original paper, and there is no reason which requires the plaintiff to part with its possession,' " The matter was again considered by Justice, now Chief Justice Maxey in 1933, in Altoona Trust Co. v. Fockler, 311 Pa. 426, 429. The court stated the question as follows:

"The chief question involved is as to the validity of a judgment confessed upon a *copy* of an obligation containing a warrant of attorney where the original obligation is not filed or produced *at the time of the entry*

*of judgment* and there is nothing of record to show the original obligation had been lost or destroyed."

The court held on p. 432:

". . . it is not now necessary to decide the legality of entering judgment on a mere copy of the obligation containing a warrant of attorney to confess judgment, for here the original obligation was later presented to the court, filed and impounded. . . . In view of the fact that no denial is made of the defendant's liability upon the original obligation and no question raised as to the amount due, we hold that the filing of the original obligation containing the warrant of attorney to confess judgment meets every objection grounded on the initial entry of judgment upon the filing of a *copy*."

The Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, sec. 8, 12 PS §738, cited and relied upon by defendant, does not apply to the facts in this case. This act provides for the entry of judgment by the prothonotary without the agency of an attorney upon the filing in the prothonotary's office of a confession of judgment in writing expressing the amount due plaintiff. In our case an attorney confessed judgment and the confession of judgment does not express an amount due.

The only case cited by defendant, Maloney v. White, 24 Pa. C. C. 23 (1899) (Lackawanna County), has been repudiated in the jurisdiction of its origin for in the opinion of Judge Eagen in Harr, Receiver, v. Kelly, 43 Lack. 221, 223, we find the following:

"The Court sees no error in entering the judgment on a copy of the original note. That a judgment may be entered on a copy of a note is settled law. (Wilson vs. Richard, 298 Pa. 17; Mahoney vs. Collman, 293 Pa. 478; Altoona Trust Co. vs. Fockler, 311 Pa. 426). In the above cases, the Court stated that 'to save an honest judgment the Court will receive the warrant of attorney at any time before the final decision.' "

And now, April 25, 1946, the original agreement delivered to the court at the time of argument is hereby

484

directed to be filed as a part of the record of this case, the rule to strike off is discharged at the cost of defendant, and the order entered March 29, 1946, staying the proceedings, is hereby revoked.